## ROBINSON *v.* GRANDY, SKINNER, WALKER & CO.

### *Pleading.*

In assumpsit on a promissory note the declaration alleged that on, &c., defendants "*made* their promissory note," and thereby promised to pay in a certain time "after date" thereof. On demurrer thereto for that it was not alleged that the note had any date whereby it might appear that it had become due, it was held that it would be intended that the date of the note was the day on which the note was alleged to have been made, and that the declaration was sufficient.

ASSUMPSIT on two promissory notes. The first count alleged that on, &c., the defendants made their promissory note in writing . . . and thereby promised, for value received, to pay . . . $3,635.63, six months after the date thereof. The second count was like the first except as to the amount, names of parties, and time of payment, which was alleged to be in one year from date. Each count contained an allegation that the time of payment had elapsed.

The defendants demurred, for that although the notes were described as being severally payable in six months and one year from date, yet it was not alleged that they bore date at any time,

or had any date, so that it did not appear that time for payment had ever elapsed.

The court, at the September Term, 1876, POWERS, J., presiding, overruled the demurrer, and adjudged the declaration sufficient; to which the defendants excepted.

*W. D. Crane*, for the defendants.

The declaration was insufficient for lack of an allegation showing that the notes were due. As the notes were payable at a time certain after date, the dates should have been alleged. The declaration should be construed most strongly against the pleader.

*Theophilus Grout*, for the plaintiff.

The word *made* means that the notes were written, signed, dated, and delivered. 3 Vt. 82; 5 Vt. 500; 1 Chit. Pl. 257; 6 M. & S. 75; 4 East, 477; Gould Pl. 82.

The opinion of the court was delivered by

ROSS, J. The only question arising on the exceptions is, whether an averment that the defendants *made* their promissory note on a specified day, and that the note was payable " six months " or " one year " after its date, without particularly specifying the date of the note, is good on demurrer. Says Mr. Chitty in his work on Pleadings, vol. 1, 258 : " So in an action on a bill or note, though it be payable at a particular time ' after date,' it is not necessary to describe the instrument as ' bearing date ' on a given day ; it suffices to state that ' heretofore, to wit, on, &c.,' it was made, &c. ; and the court said they would intend that the date of the instrument was the day on which it was alleged to have been made " ; citing 6 M. & S. 75. The authority is satisfactory, and in accordance with the ordinary and plain meaning of the language employed.

Judgment affirmed.